STEPHEN L. TUTTLE v. T. STEWART WHITE ET AL.

*Good faith—Hearsay evidence as to advice of counsel—Value not fixed by settlements with trespassers.*

In an action for the value of timber taken from land by one who has purchased from the holder of a void tax title, the good faith of the purchaser could not be shown by merely hearsay evidence that

before his purchase the title was investigated by counsel and pronounced good.

A person who was sued for the value of timber which he had taken without right from the lands of the owner could not be allowed to show, as bearing on the value, that the plaintiff had settled with another trespasser for a relatively less sum than he now claims as damages.

Where a plaintiff claiming damages for the wrongful removal of timber from land as to a portion of which his ownership was disputed, remitted a portion of the damages claimed, corresponding to the amount taken from the disputed tract, errors committed by the trial court in rulings relating to the true boundary became immaterial.

Error to Kent.   Submitted Oct. 11.   Decided Oct. 31.

TROVER.   Defendants bring error.   Affirmed.

*John C. Fitz Gerald* for appellants.   Value has been shown by the appraisal under an attachment levy : *Worthington v. Hanna* 23 Mich. 535 ; by auction prices: *Smith v. Mitchell* 12 Mich. 180 ; *Jennings v. Prentice* 39 Mich. 421 ; by published prices current: *Sisson v. C. & T. R. R.* 14 Mich. 489 ; and by what property has sold for : *Perkins v. People* 27 Mich. 389.

*Stone & Hyde* for appellee.

COOLEY, J.   Plaintiff recovered judgment in the court below for the value of logs taken from his land by defendants.   Defendants relied on the purchase of the logs in the tree from parties who held an old tax title. This tax title it seems to be conceded on all sides was void ; but defendants insist that it should be taken into the account for its bearing on the damages ; the case being one in which the good faith of the parties might be taken into account by the jury.   They therefore offered evidence which they claim tended to show that this title was investigated by counsel and pronounced good before the purchase ; but the proposed evidence appears to have been mere hearsay, and was properly excluded.

The defendants also offered to show at what price

plaintiff, soon after the wrong complained of, sold other and similar logs from the same lands to another party. The purpose was to show in this indirect way that the market value was not as great as the plaintiff claimed. It appears, however, that those logs had also been taken from the land under pretense of a purchase from a third party; and any settlement of the plaintiff for them might have involved considerations distinguishing the transaction from an ordinary sale. We do not think the defendants had a clear right to prove what the plaintiff settled for with another trespasser. The settlement might or might not have been governed by the judgment of the parties respecting the value of the logs.

The principal question in the case relates to the quantity of logs taken from the plaintiff's land. The boundary of the land on one side was in dispute, and the true boundary perhaps depends upon the proper construction of a federal statute respecting public surveys. We do not pass upon the question for the reason that in the opinion of my brethren it is not necessarily involved. After the case had gone to judgment plaintiff filed a remittur of a part of the damages; intending to make it sufficiently large to cover the value of the logs cut on the ground in dispute. My brethren think the record sufficiently shows that the remittur was sufficient, and was for a proportion of the damages corresponding to the proportion of logs taken from the land in dispute. This being so, if the court committed any error in the rulings respecting the boundary,—which however we do not say or intimate is the fact,—the error has become immaterial.

No other error appears in the case, and the judgment must be affirmed.

The other Justices concurred.