THE McCORMICK HARVESTING MACHINE COMPANY v. JOHN McKEE, JR. AND JOHN McKEE, SR.

*Promissory note—Proof of execution—Evidence—Delivery to third person—Remission of excess in judgment after review.*

In an action on a note the signature thereto proves itself if delivery only is denied by the affidavit filed with the plea.

The agent of a manufacturing corporation was one of a firm organized for selling its goods. The firm owed money and the agent furnished it from funds of the corporation, taking as security the note of one of the partners on which the maker's father was surety. The note was payable to the corporation and was afterwards taken up and another given. In a suit on the last note defendants claimed that it

had never been intended that it should be delivered to the payee. *Held* proper to refuse to allow defendants to show that certain members of the firm had, with others, projected a partnership for selling the plaintiff's goods sometime before the note was given; or to show what funds were in the firm's hands and that the agent had charge of and used them; or what the surety's intention was, when he signed the first note, as to its delivery; or what property belonging to the firm the corporation had taken possession of on finding that their agent was short in his accounts.

Complaint cannot be made of the exclusion of evidence if it is afterwards admitted.

A note that is given to the payee's agent and is turned over to the payee before it is due and applied by him on an indebtedness of the maker, will sustain a recovery by the payee if he has no knowledge of any arrangement between the maker and the agent whereby the latter was to keep the note in his own hands and use it in his own business.

The amount of a judgment in excess of the ad damnum clause can be remitted even after review.

Error to Kalamazoo.    (Mills, J.)    June 22.—October 10.

ASSUMPSIT.    Defendants bring error.    Affirmed.

*Oscar T. Tuthill* for appellants.

*Howard & Roos* for appellees.

SHERWOOD, J.    The plaintiff, a foreign corporation organized under the laws of the state of Illinois, on the 13th day of December, 1880, and for a long time previous thereto, was doing business in the village of Kalamazoo.    During said period one Solomon L. Beardsley acted as general agent for, and conducted the business of, said plaintiff at Kalamazoo, which was selling agricultural implements and machinery manufactured by them; and during the same period said Beardsley, John C. Bloom and said defendant John McKee, Jr., entered into a copartnership for the purpose of selling agricultural implements in Kalamazoo county, under the name of John McKee, Jr. & Co., each to furnish to the firm five hundred dollars as capital stock.    Said firm received and sold the goods of the plaintiff, and had an account with it.    Beardsley had the principal charge and management of

the business of the firm, and particularly the financial department.

In the fall of 1879 J. McKee, Jr. & Co. owed a debt of five hundred dollars. Beardsley raised the money to pay it; did so by obtaining John McKee, Jr.'s, note for the amount, signed by his father, the other defendant, as surety, running to C. H. & L. J. McCormick or order, (the name under which the plaintiffs were then doing business,) due on the first day of March, 1880. This note was delivered to Beardsley who furnished the money thereon from the funds of the plaintiff then under his control, as was understood at the time by defendant J. McKee, Jr., and was by him regarded as representing his part of the capital stock of the company. On the 13th day of December, 1880, this note was renewed by the defendants, and the first note taken up. The business was done by Beardsley.

Suit is now brought by the plaintiff to recover the amount due on this last note. The declaration is on the common counts, with notice that plaintiff would introduce the note in evidence thereunder. Plea, general issue, with notice of set-off, accompanied by an affidavit of defendant John McKee, Jr., denying the delivery of the note to the plaintiff or to any person for it. Defendants also claim that when said note was made and delivered to said Beardsley, it was with the understanding and agreement upon his part that he should not deliver it to the plaintiff, but should himself hold the same till paid, and that when so paid it should be from the funds of the firm of John McKee, Jr. & Co., and that defendants should never have any trouble on account of the note. The plaintiff's counsel claim that at the time this new note was given, Beardsley had an account of his own as agent; and also one of John McKee, Jr. & Co. to settle with plaintiff; that John McKee, Jr. & Co. owed the plaintiff, and that this new note was taken in the then name of the plaintiff, at the request of said Beardsley, and the payment postponed a few months to enable him to use it with the plaintiff in making his settlements with the company; that in four days thereafter Beardsley went to the plaintiff in

Chicago, and in his settlement with its agent of the account of John McKee, Jr. & Co. he turned out the note in suit to plaintiff, it giving said firm credit therefor on plaintiff's books.

The case was tried at the circuit by jury, and upon the theory of the parties, as above stated. The jury, under the evidence and charge of the court, returned a verdict for the plaintiff for six hundred and twenty-two dollars and ninety-nine cents. The case comes before us on error, alleging exceptions to the rulings on the trial, and to the charge of the court.

The defendants objected to the introduction of the note in evidence on the ground that the proof of execution and delivery was insufficient. Under the previous decisions of this Court the objection is not well taken. *Burson v. Huntington* 21 Mich. 415.

Defendants' counsel proposed to show that a partnership was talked of between John McKee, Jr., John C. Bloom, Solomon Beardsley and one Hoffman, for the purpose of selling the plaintiff's machines and others, a few months before the first note was given. This was objected to as irrelevant, and the objection was sustained, and, as we think, very properly, as the proposed testimony had no connection with the note in suit or the dealings of the parties out of which the note originated.

The third alleged error is based upon the exclusion of testimony which does not appear in the record. The defendant sought to show what funds were in the hands of John McKee, Jr. & Co., and that Beardsley had charge of and used them. The court held the testimony irrelevant. This ruling was correct. It had no bearing upon the issue.

The court subsequently admitted the evidence objected to and ruled out, mentioned in the defendants' fifth assignment of error.

On the fifteenth day of December, 1881, Beardsley was short in his accounts with the plaintiffs, and they sent Mr. Everts to take charge of their business, then in the hands of

Beardsley and John McKee, Jr. & Co., and in doing so he took possession, as the testimony tended to show, of what effects he could find in the safe of John McKee, Jr. & Co., which were turned over to him by said Beardsley. Defendants' counsel proposed to show, as offset, what they took possession of. To this proposition objection was made that it was irrelevant and immaterial, and that it was not the property of the defendants. The court correctly sustained the objection. John McKee, Jr. & Co. were not parties to the suit, and had no interests therein to be adjudicated.

Under the seventh assignment of error the defendant obtained the testimony his question called for, and the error complained of under the eighth assignment* has already been considered, and is untenable.

Counsel for defendants offered to show by the surety, John McKee, Sr., what his intention was as to the delivery of the first note when he signed it, and the court ruled the testimony irrelevant and immaterial. His intentions, if of any materiality, when he signed the second note, certainly could have no bearing upon the issue when he signed the first. There was no error in this ruling.

Ten exceptions are taken to the charge of the court as given, and to his refusal to charge as requested. We do not think it necessary to consider them seriatim.

The defendants' principal ground of contest was that the note was to be held by Beardsley for his own benefit, and to be paid out of the firm funds, and was never delivered, and that if it was delivered to Beardsley it was his own private concern, and with the understanding that it should not be paid or be transferred by him; that no delivery was ever made of the note, or intended to be made, to the plaintiff by the defendants; and that the plaintiffs never owned said note, or received the same of Beardsley, but they took the same from the safe of the firm of John McKee, Jr. & Co. without the consent of defendants. Testimony was taken upon these several points before the jury. The ver-

---

* Error was assigned on the exclusion of a question as to the terms of the original partnership agreement.

dict was general, and against the defendants, and unless wrong through some error in the charge of the court under which the same was found, it must stand. We have carefully examined the charge given in this case, and have failed to discover any error therein which could prejudice the defendants.

The court refused to give the following request of the defendant, and exception is taken to the ruling: "If the jury find that the note was made to be held in fact by Beardsley in his separate affairs as regards the plaintiff, and not to be delivered or transferred by him, and when paid, to be paid out of a particular fund, to-wit, the profits of the firm of John McKee, Jr. & Co., then it could only be recovered out of such fund, and the plaintiff would be as much bound as Beardsley himself would be."

Beardsley was selling machines, collecting and doing business for plaintiff at the time the note was given, and was also at the same time engaged, as a member of the firm of John McKee, Jr. & Co., in selling machines for plaintiff. There is no pretense that the agents of the plaintiff, at the time they took the note, had any knowledge of the circumstances claimed by defendants as attending the making and giving of the same to Beardsley, and this request assumes that Beardsley took the note in his own individual business. The testimony also shows without dispute that the plaintiffs received the note of Beardsley before it was due, and applied the same on the account against John McKee, Jr. & Co. Under these facts the plaintiff would be a bona fide holder for value, and entitled to the protection of the law as such. The request ignores this right of the plaintiff, and was therefore correctly refused by the court. It is conceded that the defendants voluntarily gave the note to Beardsley. *Burson v. Huntington* 21 Mich. 433; *Putnam v. Sullivan* 4 Mass. 45.

The ninth request is subject to the same objection as defendants' seventh request. It fails to recognize the testimony tending to show the plaintiff a bona fide holder of the note, even though the note was taken by Beardsley upon

the conditions claimed by defendants. The defendants' tenth request was substantially given in the charge of the court.

The amount of the judgment was more than the sum claimed by plaintiff in the declaration. This appears to have escaped the notice of the court and counsel on both sides until after the judgment had been entered. It further appears that counsel for plaintiff, as soon as their attention was called to the subject, at once proposed to remit the amount in excess of the ad damnum.

This may yet be done, and the judgment thus modified must be affirmed with costs.

The other Justices concurred.

