JOHN BRESNAHAN, ADMINISTRATOR, ETC., V. EMANUEL
NUGENT.

97 359
99 50
97 359
s106 460

[See 59 Mich. 593; 70 Id. 52; 77 Id. 500; 92 Id. 76; 93 Id. 462.]

*Fraudulent conveyances—Action by administrator—Judgment—
Interest—Practice in Supreme Court.*

1. An administrator cannot, in an action under How. Stat. § 5884,
   to recover the value. of goods conveyed by the decedent in
   fraud of creditors, recover interest thereon from · the time of
   such transfer.
2. Where interest is erroneously included in a verdict, and the
   extent to which the error has increased the verdict is ascer-
   tainable by computation, the rights of the defendant can be
   fully protected by an abatement of that sum from the judg-
   ment, and the plaintiff will be given leave to remit such
   excess, upon which the judgment, as thus corrected, will be
   affirmed.

Error to Kent. (Adsit, J.) Argued October 27, 1893.
Decided November 10, 1893.

*Assumpsit.* Both parties bring error. Judgment for
plaintiff affirmed, on his remitting $652.75 for interest
erroneously included in the verdict. The facts are stated
in the opinion, and in 92 Mich. 76.

*J. H. Tatem,* for plaintiff.

*Taggart, Wolcott & Ganson,* for defendant.

MONTGOMERY, J. The plaintiff, as administrator of the
estate of Daniel Nugent, sues to recover the value of prop-
erty which was transferred to defendant, Emanuel, in the
life-time of Daniel. Plaintiff recovered a verdict and judg-
ment of $1,600, and both parties appeal. The same case
has once been before the Court, and is found reported in

92 Mich. 76. The questions presented upon the appeal of the plaintiff, as well as some of those presented by the defendant, were determined upon the former appeal. It has also been determined in other proceedings between the same parties, involving the same transactions, that the transfer of the property here involved by Daniel to Emanuel was fraudulent as to creditors.[1] This question is *res judicata*, so that the only question which the jury had to deal with was the question of damages. Exceptions which were taken to rulings which did not affect that question are not discussed by us.

The instructions of the circuit judge permitted the jury to allow interest on the value of the goods from the date of the transfer from Daniel to Emanuel down to the time of trial. This we think was error. The transfer was good as against Daniel, and the creditor would be no more entitled to the use of the property or its accretions, or to interest on its value, prior to levy or to other proceedings to establish a lien, than he would have been had its custody remained with Daniel. The extent to which the error increased the verdict is ascertainable by computation, and the rights of the defendant can be fully protected by an abatement from the judgment. This course was suggested to counsel at the hearing, and the plaintiff assented that, in the event that the Court should be of the opinion that interest should not have been allowed, the interest improperly allowed might be deducted. Defendant's counsel declined to consent to this course, but insisted upon a reversal. We think there would be no propriety in reversing the judgment, nor in a new trial to correct an error the precise extent of which is so easy of determination by the Court. See *Tuttle v. White*, 49 Mich. 407.

The plaintiff will have leave to remit from the judgment the excess above $947.25, and on his doing so the judg-

---

[1] See *Nugent v. Goldsmith*, 59 Mich. 593.

ment will stand affirmed.     The defendant will recover his
costs in this Court, as in the case of a single appeal only.

The other Justices concurred.