CARMICHAEL *v.* SCHAEFER HEIGHTS LAND CO.

1. JUDGMENT—DEFAULT—FILED OR ENTERED—REGULARITY.
Under 3 Comp. Laws 1915, § 12737, providing that a default may be filed or entered, a default entered in the common rule book is regular, although Circuit Court Rule No. 32 provides only that it may be filed, since the rule cannot and does not undertake to cut down the terms if the statute.

2. SAME—MOTION TO SET ASIDE—TIME.
A motion to set aside a default and judgment, made more than six months after the judgment was entered, was properly denied under the provisions of Circuit Court Rule No. 32.

3. SAME—CORPORATIONS—SICKNESS OF SECRETARY.
On motion to set aside a default judgment against a corporation, the sickness of its secretary, upon whom service was made, cannot be considered.

4. SAME—EXCESS OF AD DAMNUM CURED BY REMITTITUR.
A judgment for damages in excess of the *ad damnum* may be cured by remittitur of the excess.

Error to Wayne; Mandell (Henry A.), J.   Submitted January 18, 1922.   (Docket No. 89.)   Decided February 8, 1922.

Assumpsit by Edward K. Carmichael against the Schaefer Heights Land Company for breach of a land contract.   Judgment for plaintiff.   Defendant brings error.   Affirmed.

*Finkelston & Lovejoy,* for appellant.

*Younglove & Chockley,* for appellee.

WIEST, J.   This suit was commenced by summons, with service thereof upon the secretary of defendant company.   Plaintiff duly filed his declaration, claiming damages in the sum of $2,000, and defendant not appearing in the suit, its default was entered in the common rule or default book in the office of the county clerk.   Later plaintiff took judgment for $2,010.   More than six months after judgment, defendant moved to have the same set aside, on the grounds that the default, having been entered in the rule book instead of being filed, was void, and the judgment exceeding in amount the *ad damnum* of the summons and declaration rendered the judgment void.   Other reasons are alleged but cannot be considered if the default was regular.   The motion was denied in the circuit court and the defendant sued out a writ of error under Supreme Court Rule No. 11.

Defendant urges that under Circuit Court Rule No. 32 the default must be filed and cannot now, as formerly, be entered in the rule book.

Circuit Court Rule No. 32 provides:

"If either party shall make default  *  *  *  the opposite party may file the default in vacation or in term time.   The default of either party being duly filed, the other party shall not be bound afterwards to

accept the pleading or proceeding which was in default until such default shall be set aside by the court."

Upon the question here involved the statute relative to defaults must also be considered. The statute, section 12737, 3 Comp. Laws 1915, provides:

"Upon due proof of service of any declaration or process requiring an appearance, answer or plea, * * * a default may be filed or entered against the defendant for want of such appearance, answer or plea, within the time provided by law, or by rule of court." * * *

It will be noted that under the rule the default may be filed, while under the statute the default may be filed or entered. Under the old practice defaults were entered in the common rule book or filed. We are of the opinion that it makes no difference whether a default is entered or is filed, as in either event it serves the same purpose, is in the same case, on file in the same office and noted upon the calendar. If the default is entered it is in accord with the statute and not in any sense in violation of the rule. The rule states that it may be filed but such language cannot and does not undertake to cut down the terms of the statute.

It may be that the plaintiff in entering the default in the common rule book performed an unnecessary act. The default, however, is on file and we are of the opinion that a default entered in the common rule book is regular.

Circuit Court Rule No. 32 also provides:

"In all cases where personal service shall have been made upon a defendant, and proceedings taken after default on the strength thereof, his default shall not be set aside unless the application shall be made within six months after such default is regularly filed."

Here the defendant made no motion for more than six months after the judgment was entered and the

circuit judge was clearly right in denying the motion to set the judgment and .default aside.  . The sickness of the secretary of defendant, upon whom service was made, cannot be considered.

When defendant moved to set the judgment aside the plaintiff filed a remittitur of $10, the amount of the judgment in excess of the *ad damnum* of the summons and declaration.  That remittitur brought the judgment within proper limits and cured the error.

"By the great weight of authority, a verdict assessing damages in excess of the *ad damnum* laid in the writ, or the amount claimed in the declaration or complaint, may be cured by a remittitur of the excess." 18 Enc. Pl. & Pr. p. 140.

See, also, *Tuttle* v. *White,* 49 Mich. 407; *McCormick Co.* v. *McKee,* 51 Mich. 426; *Hubbell* v. *Palmer,* 76 Mich. 441; *Hines* v. *Darling,* 99 Mich. 47.

The denial of the motion in the circuit court is affirmed, with costs to plaintiff.

FELLOWS, C. J., and STONE, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.