MEYERS *v.* GEAREY.

1. TRIAL—INSTRUCTIONS—HARMLESS ERROR.

Where the verdict of the jury allowed to plaintiff practically her whole claim and to defendant practically his entire claim of set-off, from which $50 was remitted as a condition of the refusal of a motion for a new trial, any error in the court's instructions in regard to plaintiff's claim, *held*, not prejudicial.

2. NEW TRIAL—WEIGHT OF EVIDENCE.

Evidence examined, and *held*, to justify the conclusion of the trial judge that the verdict was not against the weight of the evidence.

Error to Livingston; Collins (Joseph H.), J. Submitted October 7, 1920. (Docket No. 54.) Decided December 21, 1920.

Assumpsit in justice's court by Maggie Meyers against William Gearey on the common counts. There was judgment for defendant, and plaintiff appealed to the circuit court. Judgment for defendant. Plaintiff brings error. Affirmed.

*W. P. Van Winkle & Son,* for appellant.

*Louis E. Howlett,* for appellee.

BROOKE, J. Plaintiff and defendant are brother and sister. In March, 1919, defendant opened a small restaurant in the city of Howell, hiring plaintiff to assist him as cook at $14 per week. This arrangement continued until May 27, 1919, when defendant visited Detroit for a few days, leaving plaintiff in charge of the restaurant. He stayed until June 9th, but on his return plaintiff refused to deliver him pos-

212—Mich.—29.

session of the restaurant and he did not recover the same until June 19th. A serious dispute had arisen between the parties prior to the departure of the defendant for Detroit because of the fact that defendant introduced into the restaurant a woman (whom he afterwards married) to whom plaintiff seriously objected. It was the claim of the plaintiff that, on leaving for Detroit, her brother (defendant) turned the restaurant over to her to make out of it what she could. This the brother denied most emphatically. She finally brought suit in justice's court, claiming damages in the sum of $233, made up as follows: $100 for borrowed money; $53 for unpaid wages; $50 for supplies furnished by her to the restaurant prior to the defendant's departure; $30, being one-half of one month's rent. Defendant admitted his liability for the first two items and did not dispute his liability as to the third item, but claimed the supplies were worth probably not more than $30. As to the last item (of $30), the money was paid out of receipts taken, in by the plaintiff during his absence in Detroit. Defendant filed a counterclaim against plaintiff, consisting of two items: $255, being the amount of the profits during the 10 days of his absence (placed in the bank in her own name by the plaintiff) ; and $170, being the amount of his alleged lost profits from June 9th to June 19th, during which time plaintiff excluded him from possession of the restaurant. Judgment followed in justice's court for defendant upon his set-off in the sum of $118.60.

Upon appeal to the circuit, the case was submitted to a jury under the conflicting claims of the parties and a verdict was rendered in favor of defendant upon his set-off in the sum of $200. It is apparent from an examination of the several bills of particulars filed by the parties that the jury allowed to the plaintiff practically her entire claim and allowed to defendant

practically his entire claim of set-off, and certified the difference in his favor. Motion was thereafter made for a new trial upon various grounds, which was denied on condition that defendant remit the sum of $50 from the amount of the verdict, which was done.

In this court, the first two errors assigned deal with the admission and exclusion of testimony. Respecting these assignments, it is sufficient to say that we find no reversible error therein.

The third, fourth, fifth, sixth and seventh assignments deal with the charge of the court. Special stress is laid upon the sixth, which deals with the following excerpts from the charge:

"I further charge you that plaintiff could not recover for these provisions furnished by her to defendant to be used at the restaurant, unless plaintiff expected pay for such provisions and intended to charge for them and defendant expected to pay for them at the time they were furnished. On the other hand, if these provisions were furnished without expectation of pay on the part of plaintiff, and without expectation of paying on the part of the defendant for the provisions furnished by plaintiff at the time they were furnished, then there is no contract of liability, and plaintiff could not recover for the value of such provisions here."

This excerpt was preceded by the following:

"It is not necessary for her to prove an express promise by defendant to pay for them. It is sufficient to bind the defendant to pay for such supplies if he had knowledge that they were furnished him and he acquiesced in such provision being used and made no objection and accepted them and used them in his business there."

It is contended on behalf of the appellant that the latter instruction was correct and the former incorrect. Taken as a whole, we are disposed to the view that the jury was not misled by that portion of the charge

of which complaint is made because, as before stated, it is apparent from the verdict that the plaintiff was allowed her entire claim and that defendant was allowed his entire claim. But, in any event, by reducing the verdict in the sum of $50, which was remitted, the circuit court apparently made allowance for any possible error which the alleged erroneous instruction might have occasioned.

The remaining assignments are directed to the refusal of the court to grant a new trial. An examination of the record leads us to the conclusion that the determination of the circuit judge that the verdict was not against the weight of the evidence was justified.

The judgment is affirmed.

MOORE, C. J., and STEERE, FELLOWS, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.