GEARY v. GEARY.

1. CANCELLATION OF INSTRUMENTS—DEEDS—EQUITY.

On a bill by a mother to set aside a deed from her to her son, evidence *held*, insufficient to support the allegations of the bill that defendant, who was only 16 years of age at the time the conveyance was made, importuned plaintiff to execute the deed or promised as a consideration therefor to support and maintain plaintiff during the remainder of her life.

2. SAME.

> Where the conveyance was voluntarily made, and defendant has improved the property to the amount of $2,000, of which plaintiff has the use, and defendant is under no greater legal obligation to support plaintiff, who is 87 years of age, than any of her other children, a decree will be entered in this court providing that the title remain in defendant but that he pay taxes and insurance and also pay plaintiff $100 per year during her life and $100 toward the expenses of her burial.

Appeal from Livingston; Collins (Joseph H.), J. Submitted January 18, 1922. (Docket No. 87.) Decided June 5, 1922.

Bill by Rosa Geary against William Geary and another to set aside a deed. From the decree rendered, defendants appeal. Modified and affirmed.

*W. P. Van Winkle & Son,* for plaintiff.

*Louis E. Howlett,* for defendants.

SHARPE, J. On October 31, 1890, plaintiff conveyed two lots in the city of Howell to the defendant William, her son, the other defendant being his wife. There was at that time a small residence on these lots. They were worth about $725 and subject to a mortgage of $88. William was at that time about 16 years of age. Plaintiff was then ill and at the home of a daughter, Mrs. Burden, in Howell. The deed was drawn by Mr. Montague, an attorney of Howell, since deceased. It contains no reservations. The property conveyed was all that plaintiff then owned. William continued to live with her in the home and contributed to her support until 1919, when he married the other defendant. The plaintiff and her other children were much opposed to such marriage. It resulted in litigation between him and his sister, Mrs. Meyers, which reached this court. *Meyers* v. *Gearey,* 212 Mich. 449.

218 Mich.—28.

Plaintiff refused to let the defendants come to her home, whereupon they mortgaged the property for $700 and went to live in Grand Rapids. In the meantime, William had improved the property to the amount of about $2,000 and had paid the taxes and provided for insurance thereon. At the time of the hearing it was said to be worth upwards of $4,000.

The bill of complaint herein is filed to set aside this conveyance from the mother to William. It is alleged therein that she was importuned to execute the deed to him and consented on his promise to support and maintain her during the remainder of her life and that he now declines and refuses to do so. In the alternative it is prayed that the expenses of her support and maintenance and her burial be decreed to be a lien on the property conveyed. In the opinion filed the trial court said:

"The court is not of the opinion that this boy under age at that time agreed as a consideration for the deed to support his mother during the period of her natural life, and it appears to the court that if there had been such an agreement made at the time of the executing of this deed, that Mr. Montague would have placed it in the deed as one of its conditions."

He refused to set aside the conveyance, but decreed that William must thereafter pay, during plaintiff's lifetime, the taxes assessed against the property, the expense of keeping the buildings thereon insured, provide sufficient fuel to comfortably heat the house, pay for any medical services and nursing needed by plaintiff, pay the expense of her burial, and pay her $200 in cash per year beginning January 1, 1921, so long as she may live. All such payments were decreed to be a lien on the property. From this decree the defendants appeal.

We agree with the trial court that the deed was executed by plaintiff without any such promise on the part of William as is alleged. We find no proof in the

record of any importunity on his part that his mother should make the deed. She was at that time ill and, as her other children were all then grown, she conveyed this property to secure it to him in case of her death. There was talk thereafter of its re-conveyance to her, and we are satisfied that he was willing to do so, but she declined to have it done. Had he not married, or had he married a woman of plaintiff's choice as well as his own, we have no doubt that he would have continued to support her in the home as he had theretofore done.

Considering the sum he has expended in improving the property, with her knowledge and consent, he has equities the court is also bound to respect and protect. Her possession of the home has not been interfered with by him. Her daughter, Mrs. Meyers, has lived with her in the home for the past 11 years. She has employment in the city.

While this court has always exercised its equitable power to protect the interests of aged people against improvident disposition of their property, we should not unduly do so at the expense of one child whose moral or legal obligation to support an aged parent is no greater than any of her other children. Plaintiff, at the time of the hearing in April, 1921, was 87 years of age. In the ordinary course of events, her remaining years are few. Defendants' counsel insists that should she live the expectancy of life, 2.47 years, he will, under the decree, be compelled to expend over $1,300, besides losing the interest on his investment in the property, estimated at nearly $400.

We are loath to disturb the conclusion reached by the trial court. The defendants express their willingness to submit to the terms of the decree in so far as it provides for payment of taxes and insurance on the property. Her necessities seem to require that he should do more than this. With some reluctance we

conclude that he should also pay to her $100 per year and $100 toward the expenses of her burial. The payments provided for shall begin as of January 1, 1921.

A decree may be here entered in accordance with this opinion. No costs of this appeal will be allowed. The plaintiff will recover her taxable costs in the trial court.

FELLOWS, C. J., and WIEST, CLARK, BIRD, MOORE, and STEERE, JJ., concurred.

The late Justice STONE took no part in this decision.