GUENTHER v. WHITEACRE.

## Peter Guenther v. John Whiteacre.

*Justice of the peace: Appeal from criminal conviction: Recognizance: Bond.* The statute (*Sess. L., 1861, p. 80*) requires a party desiring to appeal from a conviction, before a justice of the peace, of a criminal offense, to enter into a recognizance to the people of the state, in a sum not less than fifty nor more than five hundred dollars, with one or more sufficient sureties. A bond is an instrument so essentially different from a recognizance that an offer by a party desiring to appeal under said statute, of a bond, in whatever amount, with sureties however good, would not impose upon the justice the duty to receive or notice it.

But where a justice before whom a party has been convicted of an assault is sued for damages for refusing to accept an instrument tendered to him by the party so convicted, for the purpose of making an appeal, and for directing the officer holding the commitment to take him to prison, and such suit is brought to this court on error, and the instrument so tendered is spoken of in the record as a bond, and the respective attorneys in their examination of witnesses called it a bond, and such instrument appears to have been introduced in evidence against objections on other grounds, but no objection was made that it was a bond and not a recognizance, this court will assume that it was a recognizance in due form.

*Justice of the peace: Recognizance: Bail: Sureties.* Where a party, convicted of an offense before a justice, tenders to the justice, for the purpose of making an appeal, a recognizance in the highest sum fixed by the statute, there is no occasion for the justice to fix the amount thereof; but he might, on examination of the sureties, reject them for insufficiency.

*False imprisonment: Recognizance: Liability of justice of the peace.* If, however, the justice refuses to accept a recognizance for such appeal, tendered within twenty minutes after the sentence was pronounced, or to have any thing to do with it or the sureties, not because it is not in due form, or for a sufficient amount, nor because of the insufficiency of the sureties, but simply on the ground that it is too late to appeal at all, and directs the officer to imprison the party, he will be liable for the imprisonment as clearly as if he had placed the party in prison without the intervention of the officer. An appeal perfected by the actual giving of proper bail, terminates the jurisdiction of the justice, both of the subject matter and the person, and his *mittimus* will no longer protect him.

*Mistake: Damages.* If the justice, in so doing, acted merely under a mistake as to his legal duty and without malice or corruption, the party injured is entitled to recover only his actual damages.

*Heard April 12. Decided April 16.*

Error to Wayne Circuit.

*S. Larned* and *F. A. Baker,* for plaintiff in error.

*Browse T. Prentis* and *George H. Prentis,* for defendant in error.

CHRISTIANCY, CH. J.

Plaintiff in error was a justice of the peace, and defendant in error was convicted before him of an assault,. and sentenced to pay a fine of twenty-five dollars, in default of which he was to stand committed to the house of correction for sixty days. The justice at once made out the commitment and put it into the hands of an officer to be executed. But the defendant, wishing to appeal, as he had a right to (and remaining in or near the justice's office), within twenty minutes after the sentence was pronounced, a bail bond (as the record designated it), in a penalty of five hundred dollars, was offered to the justice, signed by one William E. Warner as surety, in the presence of the justice, after it was signed by defendant, and one Alonzo Eaton, being present, offered also to sign it. An offer was made to justify the bail as to sufficiency, etc. The justice, however (plaintiff in error), told the defendant *it was too late*, refused to accept the bail, and told the officer who had the commitment, to take him to prison, which he did. He was subsequently discharged upon *habeas corpus.*

The present action was brought by the defendant for the assault, battery and false imprisonment in thus committing him to prison. The ground upon which the plaintiff below (defendant in error) relied upon the trial to sustain the action was, that the justice wrongfully refused to allow the appeal, and thereby lost jurisdiction and became a trespasser, especially by telling the officer, after the bail had been offered, to take him to prison.

The case was tried before a jury, and the plaintiff below recovered a verdict and judgment for one hundred and seventy-five dollars damages.

A great number of exceptions were taken and errors assigned, but all that have been relied upon by the counsel

24 MICH.—64.

for the plaintiff in error, raise the question whether the justice was liable to this action without showing that he acted maliciously or corruptly.

Before proceeding to this question, however, it is proper to dispose of a preliminary question, whether the form in which the defendant in error offered to give bail before the justice, was such as to make it the duty of the justice to take any notice of it. The statute (*Sess. L. 1861, p. 80*) requires, for the purpose of obtaining such appeal, that the person convicted shall enter into a *recognizance* to the people of the state of Michigan, in a sum not less than fifty nor more than five hundred dollars, with one or more sufficient sureties, conditioned, etc.

The record, in stating the offer of bail, calls the instrument which was offered to the justice for the purpose of effecting the appeal, a "bail bond," "an appeal bond" and "a *bond* for appeal." Now, a bond is an instrument so essentially different from a recognizance (the latter of which derives its force from its being taken and acknowledged before the proper officer), that if the offer was, in fact, nothing more than a bond, whatever the amount and however good the sureties, and though they offered *to justify* or show their sufficiency, the justice would not have been bound to receive or notice it. But we find that while the attorneys on each side, in their examination of witnesses, call it a bond, they both assume that it was in due form under the statute. The instrument was introduced in evidence, and while objection was made to its introduction on other grounds, none was made on the ground that it was a bond, and not a recognizance. The counsel for the defendant, in his requests to charge, sometimes calls it an appeal bond, and sometimes a recognizance.

We must, therefore, consider it, and the jury were justified in finding as they must have found it, to be a recogni-

zance in due form which the plaintiff below offered to have properly executed and acknowledged; and being for the highest sum authorized by the statute, there was no need of fixing the amount in which the bail should be given, though the justice might, on examination of them, have rejected the sureties for insufficiency.

But the justice did not reject the bail, sureties or instrument, either because it was not in due form, or not for sufficient amount, or because of the insufficiency of the sureties; but simply for the reason, as he insisted, that it *was too late to appeal at all,* and therefore, he refused to have anything to do with taking the bail or recognizance for an appeal.

We shall enter here into no lengthy discussion of the authorities upon the distinctions between judicial and ministerial action, which approach each other by such insensible gradations that no very distinct line of separation can be traced; and it is not surprising that the authorities should be, as we find they are, somewhat conflicting.

Nor shall we undertake to determine whether the justice, by simply refusing to take the bail for the appeal, without malice or corruption, and without telling the officer afterwards to imprison the party, would have been liable to any action at all, or whether the rule adopted in England, as shown by the case of *Lindford v. Fitzroy, 13 Ad. & Ell. (N. S.), 240,* ought not to be recognized as applicable to the case; or whether, if liable at all under the circumstances last supposed, he could only be held liable in an action on the case.

It is sufficient here to decide this case upon its own peculiar facts. The justice had jurisdiction of the subject matter and of the party, for the conviction and for issuing the mittimus; and that mittimus was valid and a full protection to the justice when issued, and until the bail had

been duly offered. But an appeal perfected by the actual giving of proper bail, would have terminated his jurisdiction both of the subject matter and the person; and for all purposes connected with his responsibility, his wrongful refusal to take that bail, or to examine into its sufficiency when offered, on the ground that it was too late, coupled with his verbal direction to the officer to imprison the party after the mittimus itself had thus become unlawful, must, we think, be considered as terminating his rightful jurisdiction, and must render the justice liable for the imprisonment, which took place by his order, as clearly as if the justice himself had placed the party in prison, without the intervention of the officer.

It is true, that if he acted merely under a mistake as to his legal duty and without malice or corruption, nothing more than actual damages could be recovered; and so the court charged.

We see no error in the record, and the judgment must be affirmed with costs.

CAMPBELL and COOLEY, JJ., concurred.

GRAVES, J., did not sit in this case.