WILLIAM HINES, COMMISSIONER OF HIGHWAYS, v. FRANK DARLING.

*Drains—Obstruction—Penalty.*

1. The defense that a ditch laid along a public highway, and used for draining water therefrom, was not legally laid out and established, cannot be pleaded in an action to recover the penalty imposed by 3 How. Stat. § 1403, for willfully placing obstructions therein.

2. Where, in a suit for a violation of 3 How. Stat. § 1403, which imposes a penalty, not exceeding $25, for the willful obstruction of any ditch constructed for draining the water from any highway, the proofs establish such violation, the court has no power to direct a verdict for more than six cents, and it is for the jury to say how much greater a penalty, if any, shall be imposed.

3. Where, in a suit for the violation of a penal statute, which

imposes a penalty not exceeding a given sum for such violation, the proofs establish the offense, and a verdict is directed for the full amount of the penalty, and on appeal the plaintiff files a writing waiving the recovery of the amount of the penalty above six cents, and remitting the excess, the judgment will be modified to that extent, and affirmed.

Error to Saginaw. (Gage, J.) Submitted on briefs January 5, 1894. Decided February 12, 1894.

Case. Defendant brings error. Judgment modified and affirmed. The facts are stated in the opinion.

*James H. Davitt,* for appellant, contended:

1. The construction of the ditch was in direct violation of 3 How. Stat. § 1350, which requires the grade of the road to be at least 10 feet on each side of its center line; and also of 3 How. Stat. § 1403, under which this case is prosecuted, which forbids the diversion of any creek to the injury of any highway.

2. The evidence tended to show that if there was any necessity for such a ditch, extending from culvert to culvert, it was only to drain the low ground at the eastern sluice,—in other words, to drain Jones creek; but the highway authorities could not lawfully cut the ditch for that purpose. 3 How. Stat. § 1740*d*3, expressly provides for laying out drains along highways, and it is not claimed that its provisions were followed. Under this statute, lands within the limits of a highway cannot be appropriated for public drainage purposes, unless with the owner's consent, without condemnation and compensation. Furthermore, for more than 20 years the construction of drains along or across highways has been committed to drain commissioners, which necessarily excluded highway commissioners; citing Comp. Laws 1871, § 1758; How. Stat. § 1724; *Conrad v. Smith,* 32 Mich. 429; *Highway Commissioners v. Ely,* 54 Id. 173.

3. The ditch, having been unlawfully made, was not within the protection of the statute, for it could not have been intended to punish a land-owner for filling a ditch on his own land which had been opened without lawful authority; citing *State v. Trove,* 1 Ind. App. 553; *State v. Myers,* 20 Ore. 442; *State v. Waterman,* 79 Iowa, 360; *State v. Smith,* 52 Wis. 134.

*Holden & Bradt,* for plaintiff.

LONG, J. This action was brought under 3 How. Stat.

§ 1403, to recover a penalty for willfully obstructing a certain ditch laid along the public highway in front of defendant's premises. The action was commenced in justice's court, and appealed to the circuit, where the plaintiff had verdict and judgment for the penalty of $25 provided by the statute. The ditch had been dug about 13 or 14 years. It was admitted that the defendant obstructed it in two places, and, being ordered by the highway commissioner to remove the obstructions, he refused to do so. The defense was that the ditch was not lawfully laid out and established along the highway; that it was not made for the purpose of draining the highway, but to divert the water of a certain creek, which ran across the highway, and to carry that along the side of the highway. The court directed verdict in favor of the plaintiff for the penalty fixed by the statute.

We think, under the facts, that the court was not in error in directing the verdict. The statute provides that who ever shall willfully obstruct any highway, or fill up or place any obstructions in any ditch constructed for draining the water from any highway, etc., shall forfeit, for every such offense, a sum not exceeding $25. The ditch filled up was a large one, and it is evident that it was constructed and used for the purpose of draining the highway. Opposite the defendant's land was a sag hole in the road, and, with the ditch filled, the waters could not be drained off. The filling was done by defendant by placing in logs and stumps, and plowing earth over them. When asked by the highway commissioner to remove the obstructions, he positively refused to do so. Whether this ditch or drain was legally and properly laid out in the first instance could not be pleaded as a defense to the action. It was used for the draining of water from the highway, and it is conceded that the highway was a public one.

99 Mich.—4.

The case falls so clearly within the principles laid down by this Court in *Highway Commissioners v. Ely,* 54 Mich. 173, that it needs no extended discussion. The whole testimony shows that the act was willful, and the expense of removing the obstructions would be great. There were no extenuating circumstances, and the court properly directed verdict for the plaintiff.

But the statute only fixes the maximum amount of the penalty,—that is, a penalty not exceeding $25,—and does not prescribe whether it is to be fixed by the court or the jury. In such cases, either party is entitled to a jury trial, and the amount of the penalty was for their consideration. The plaintiff, under the proofs, was entitled to a verdict for at least six cents, but the court had no power to say how much greater the amount should be. That question was for the jury. 18 Amer. & Eng. Enc. Law, p. 281; *McDaniel v. Gas-Light Co.,* 79 Ga. 58.

There has been filed, however, in this Court, a writing waiving the recovery of the amount of the penalty above six cents, and remitting all over that amount. The judgment of the court below will be modified to that extent, fixing the damages at six cents, and with this modification will be affirmed. This is in accordance with our ruling in *Bresnahan v. Nugent,* 97 Mich. 359. No costs will be awarded to either party in this Court.

The other Justices concurred.