DUFFINY *v.* DETROIT & MACKINAC RAILWAY CO.

1. APPEAL AND ERROR — EVIDENCE — FORMER TESTIMONY — LEADING QUESTIONS.

The objection by defendant's counsel that testimony offered on plaintiff's direct examination relative to former statements made upon a previous trial was incompetent, was not a sufficient ground for reversing the case upon appeal where the real nature of the objection was that plaintiff's counsel elicited the testimony by leading questions and the ground of the objection was not stated at that time.

2. CARRIERS — NEGLIGENCE — CONTRACTS — CARRYING PASSENGER BY DESTINATION.

Where defendant's conductor carried plaintiff and her three children past the station at which she intended to alight, and the conductor suggested that he would give her a ticket to return to the point where she should have alighted, and plaintiff replied that she would prefer to return home because there would be no one to meet her and night was coming on, but finally consented to accept the ticket, and the conductor of the returning train assured her that he would hold the train until she could inquire whether any one was there to meet her or take such other steps as might be desired, the failure of defendant's servant to hold the train amounted to negligence, entitling the plaintiff to damages for being compelled to remain all night in the open air.

3. SAME—PRINCIPAL AND AGENT—AUTHORITY OF CONDUCTOR.

It was within the authority of defendant's conductor to make the arrangement claimed by plaintiff to have been made, and defendant was charged with the exercise of reasonable care to perform it.

4. PLEADING—CARRIERS—COUNTS—CAUSE OF ACTION.

Plaintiff alleged in her declaration that defendant had negligently carried her past her station and caused her damage, and in another count averred that it had violated its statutory duty and claimed the penalty under section 5254, 2 Comp. Laws (3 How. Stat. [2d Ed.] § 6699). The

> trial court submitted both claims to the jury who returned
> a verdict of $500. On motion for a new trial counsel for
> defendant objected to the submission of both questions
> to the jury, and the court being of the opinion that both
> issues should not have been submitted, ordered that $100
> be remitted from the judgment or a new trial be granted.
> *Held,* that after the deduction of $100 from the amount
> of the judgment defendant had no ground to complain
> of the action of the court; also that it was not ground
> for reversal to misstate in the pleading the section of
> the statute, referring to a repealed statute instead of
> the one that applied to plaintiff's claim.

Error to Cheboygan; Sharpe, J. Submitted June 19, 1914. (Docket No. 41.) Decided June 7, 1915.

Case by Mary Duffiny against the Detroit & Mackinac Railway Company for injury to her person. Judgment for plaintiff. Defendant brings error. Affirmed.

*Henry, Henry & Henry (James McNamara,* of counsel), for appellant.

*Maxwell W. Benjamin,* for appellee.

BIRD, J. Plaintiff, who resided at Cheboygan, took passage, with her three small children, on defendant's south-bound passenger train on August 6, 1910, leaving Cheboygan at 2:30 in the afternoon, to go to Waveland, a flag station 20 miles away, to visit her sister. She was carried by Waveland, as she claims, by reason of the failure of the train men to announce the station. The conductor suggested that she leave the train at Posen, and return to Waveland on a north-bound train which would arrive there at 6:50 p. m. Plaintiff expressed a desire to go back to Cheboygan on account of the lateness of the hour of arrival at Waveland, but she finally accepted transportation back to Waveland. She expressed the same desire to the north-bound conductor, explaining to

him that her sister had expected to meet her upon the arrival of the south-bound train, and consequently would not be there. She claims the conductor assured her that he would hold the train until inquiry could be made as to the location of her sister's home. It is charged that no attempt was made by the conductor to keep this promise, but started his train as soon as she had alighted. At Waveland she was unable to make inquiry of the station agent, as there was neither station agent nor station house. She inquired of three passengers who alighted from the train, but they could give her no information. Finding herself in this position, she chose one of the highways leading from the station, and set out with her children to find her sister's dwelling. After going a short distance in the woods, she soon discovered that the road she had selected led into a swamp, and she returned to the flag station with her children, and remained all night in the open air. As a consequence of the exposure and dampness, she claims that an existing malady with which she was afflicted was greatly aggravated. In the declaration and on the trial a claim was made for the statutory penalty for failure to announce the station, and also for damages for injury to her health by reason of the exposure to which she was subjected. The jury returned a verdict in her favor of $500.

1. The defendant's counsel caused a transcript to be made of plaintiff's testimony on a former trial of the same case, and upon her cross-examination he read portions of her previous testimony, and interrogated her as to whether she so testified, and if they were true. Upon redirect examination plaintiff's counsel took the transcript and read the following to her:

"I had a conversation with the conductor on the train coming north.
"Q. What did he say to you?

"*A.* He says, 'How's that, that they passed Waveland and you didn't hear them call off the station?' 'Well,' I says, 'there was no one come in there.' 'Well,' he says, 'that's—' * * *

"*Q.* Go ahead. What else was said?

"*A.* And then he says, 'Well, I will see that you will get over there all right.' 'But,' I says, 'that won't do me any good.' I says, 'with my children; I've got maybe a mile to walk out in the woods, and I don't know where I am going to go. I know there won't be anybody there now to take me over there,' I says. 'I would rather go back to Cheboygan than to stay there, for,' I says, 'I am positive there is nobody there now for me.'

"*Q.* Then what did he say?

"*A.* 'Well,' he says, 'I will see that you will get off all right;' and he says, 'I will see some one, that you will be able to get your way over there all right.' I said, 'I would rather go back home than to stop here now.'

"*Q.* Well, when he told you that he would see somebody that would show you the way over there, did you rely on that?

"*A.* Yes, sir; I did."

Counsel then interrogated her as follows:

"*Q.* Do you remember testifying to that on the first trial?

"*A.* Yes, sir.

"*Q.* Was that true?

"*A.* Yes, sir."

No objection to this manner of examination was made at the time, but subsequently, and after the next witness had been dismissed, defendant's counsel moved that it be stricken out, which objection was overruled. It is now claimed that the court erred in refusing to strike it out. No reason was given to the trial court at the time why it should be stricken out, but it is now claimed that the testimony was incompetent. The testimony was not incompetent by reason of its not being relevant or material. Its incompetency arose by reason of the method of getting

it before the jury. If the defendant's motion had prevailed, plaintiff would have been permitted to testify to the same state of facts that she did on the first trial; in fact, she had already testified to substantially the same effect. The most that can be said of it now is that relevant and material testimony was gotten into the case by an aggravated form of leading questions. The objection goes to the form, rather than the substance. Had counsel assigned the reason for his objection at the time, it would doubtless have been corrected. Not having done so, they should now be precluded from taking any advantage of its admission. *Phillip* v. *Heraty,* 135 Mich. 446 (100 N. W. 186).

2. It is urged that defendant was not shown to be guilty of any negligence. We are unable to assent to this. Plaintiff was defendant's passenger. She had been carried past her destination by defendant's neglect. Having done so, the defendant owed her some duty to assist her in returning. The conductor suggested what should be done. She expressed a wish to return home, because she disliked to be left at a flag station in the woods with her three children just as night was coming on, without knowledge of the direction in which her sister lived. To overcome this objection, the conductor · assured her that the train would be held until inquiry could be made, and we think that she had a right to infer from the conversation that took place that, if nothing was learned when Waveland was reached as to the location in which her sister lived, she would be taken on to her home in Cheboygan. The conductor in charge of the train had a right to make this arrangement, and, after making it, he was chargeable with the duty of performance. It is charged, and the testimony tended to show, that he made no effort to discharge this duty which he had created by his own agreement.

Whether he made the agreement, and, if he did, whether he made a reasonable effort to carry it out, were questions for the jury.

3. As heretofore stated, the trial court submitted the case upon the common-law count, and also upon the statutory one. Subsequently, a motion for a rehearing was made, and one of the points made therein was that the declaration contained two distinct causes of action. After a hearing thereon, the trial court was of the mind that both causes of action should not have been submitted to the jury, and he made an order that, in the event that $100 of the judgment should not be remitted by the plaintiff, a new trial would be granted. The plaintiff complied with the suggestion, and remitted upon the record $100 of the judgment. It is now insisted that, even though the amount of the penalty was remitted, the error was not cured. The amount of the penalty fixed by the statute is $100. Section 5254, 2 Comp. Laws (3 How. Stat. [2d Ed.] § 6699). When this sum was deducted from the verdict, we think that the defendant had no cause for complaint. It is further insisted that section 5254, 2 Comp. Laws, was repealed by section 6237. If counsel are correct in this contention, it is of little importance, as the wording of the sections is the same with reference to the grievance complained of. The mere fact that the declaration misstated the number of the section is no ground for reversal.

The judgment of the trial court is affirmed.

BROOKE, C. J., and MCALVAY, KUHN, STONE, OSTRANDER, MOORE, and STEERE, JJ., concurred.