### FINK v. SUPERIOR LAMP & SHADE CO.

1. APPEAL AND ERROR — JUDGMENT — REMITTITUR OF EXCESSIVE AMOUNT.

   Defendant complaining of excessive verdict may not insist on reversal therefor, where the excess amount, which was certain, was deducted, and judgment entered for the balance.

2. SAME—INSTRUCTION—HARMLESS ERROR.

   An instruction that if plaintiff opened a store without defendant's knowledge and consent, and engaged in the sale of goods similar to those manufactured and sold by defendant, such action might be considered as a breach of the contract, *held*, not reversible error, although treating as disputed the conceded fact that said store was opened, where it was a retail one, while defendant's was a wholesale store, from which plaintiff purchased goods, and it could be argued that there was no competition and therefore no breach of the contract.

3. MASTER AND SERVANT—CONTRACTS—BURDEN OF PROOF.

   Where, in an action for commissions on sales of goods, defendant conceded that plaintiff had made certain sales, but contended that, because of an agreement, said accounts should be considered as "house accounts," upon which only 2½ per cent. commission was paid instead of 15, the burden of proof was upon defendant to establish its contention.

4. TRIAL—CONFLICTING INSTRUCTIONS REVERSIBLE ERROR.

   Where, in an action by a discharged salesman for commissions on the sales of goods, the court correctly instructed the jury that if there were no agreement between plaintiff and defendant that certain accounts should

---

[1]Appeal and Error, 4 C. J. § 2849; [2]Id., 4 C. J. § 3013; [3]Master and Servant, 39 C. J. § 276; [4]Trial, 38 Cyc. p. 1604.

be "house accounts," plaintiff would be entitled to 15 per cent. thereon, but later instructed them that if there were no agreement making said accounts "house accounts" plaintiff would be entitled to only 2½ per cent. thereon, rendering it difficult for the jury to understand what the court meant by these two conflicting statements, said instruction was erroneous.

#### ON MOTION FOR REHEARING.

5. APPEAL AND ERROR—HARMLESS ERROR—PARTY MAY NOT COMPLAIN OF FAVORABLE INSTRUCTION ALTHOUGH ERRONEOUS.

Where an erroneous instruction was favorable to appellant, and in no wise prejudiced its case, it will not be permitted to complain thereof, and the judgment is affirmed notwithstanding the error.

Error to Wayne; Hart (Ray), J., presiding. Submitted October 19, 1926. (Docket No. 12.) Decided January 3, 1927. Opinion on motion for rehearing April 13, 1927.

Assumpsit by Leo B. Fink against the Superior Lamp & Shade Company for commissions due under a contract of employment. Judgment for plaintiff. Defendant brings error. Affirmed.

*Armstrong & Mead,* for appellant.

*Joslyn, Finkelston, Lovejoy & Chilson,* for appellee.

BIRD, J. The defendant is a wholesaler of lamps and shades in the city of Chicago. On February 18, 1922, it employed as salesmen plaintiff and Harry W. Courshon, copartners, to sell its product, for a period of one year. They had a written contract. The material paragraphs are:

Paragraph 2 provides:

"Said party of the first part hereby covenants and agrees to pay to the party of the second part, a sum of money equivalent to 15 per cent. of all sales and

---

[5]Appeal and Error, 4 C. J. § 2890.

reorders of said sales, made directly or indirectly through the efforts of the party of the second part, and accepted and shipped by the said party of the first part; it being the intention of the parties hereto, that the party of the second part shall receive from the party of the first part 15 per cent. on all orders received by the party of the first part, except those made to persons, firms or corporations, who are considered house accounts. The question of whether or not a particular sale is a house account, is to be left to the mutual agreement of the parties hereto."

Paragraph 3 provides that in the event the total sales made by the parties should exceed the sum of $150,000 they should be entitled to an additional 5 per cent. on all over the sum of $150,000.

Paragraph 4 provides that the plaintiff should receive 2½ per cent. on all house sales. The question as to which were house sales should be left to the mutual agreement of the parties.

Paragraph 10 provides:

"It is further agreed and understood by and between the parties hereto that the party of the second part will not, at any time during the term of this contract, engage in the sale of any goods, wares or merchandise, which is in kind and like the same as that manufactured by the party of the first part."

Courshon worked until August, 1922, when he resigned. Plaintiff claims that after this event he was employed by defendant on the same terms as the copartnership was, with one modification, namely, that he was to receive 2½ per cent. on sales made by Mr. Stockman, who was employed in the place of Mr. Courshon. This arrangement continued until December 13th, when plaintiff was discharged for acts which defendant claims were in violation of the contract. Plaintiff claimed he was unlawfully discharged and he brought this suit after the expiration of his contract to recover the balance which he claimed was due him for commissions. The matter was tried out be-

fore a jury and plaintiff was awarded a judgment for $5,777.80.

1. Defendant then moved for a new trial, principally because the verdict was excessive. Upon the hearing of this motion the trial court was persuaded that the judgment was excessive. The court accepted the maximum amount claimed by plaintiff and deducted therefrom $825, the amount of money which he had earned after being discharged and before the expiration of his contract. The order was made that, if plaintiff would remit all amounts in excess of $4,676.79, a judgment would be entered for that amount, otherwise the motion for a new trial would be granted. Thereupon plaintiff accepted and filed a remittitur for the difference between those sums. Defendant was not content to abide this conclusion but insists that if the verdict were excessive it is entitled to have the judgment reversed. We are not favorably impressed with counsel's argument. The maximum amount claimed by plaintiff was certain. The amount he had earned after discharge was certain, and the error of the jury was certain. When the verdict was corrected by these certainties we think defendant has no cause for complaint. No one had cause for complaint except the plaintiff, and he has acquiesced. This method of treating the matter is fully justified in *Bresnahan* v. *Nugent,* 97 Mich. 359; *Hines* v. *Darling,* 99 Mich. 47.

2. Exception is taken to the following instruction of the court:

"If you should find from the evidence in this cause that the plaintiff did open up a store at 6453 South Halsted, Chicago, without the knowledge, permission and consent of said defendant, and did engage in the sale of goods, wares and merchandise of like kind as that manufactured and sold by the defendant, then such action on the part of said plaintiff may be considered as a question of whether that was a breach

of the contract and the intent of the contract as has been stated to you.

"If you find that it was a breach of the contract, that would justify the defendant in terminating the contract existing, and would justify him in releasing the plaintiff and discharging him."

The complaint with reference to this instruction is, in substance, that the court treated the fact as to whether plaintiff had opened a store to sell lamps and shades as a disputed fact rather than a conceded one. Perhaps it would have been better had the court instructed the jury that the plaintiff conceded that he had opened a store in Chicago wherein the same class of goods were sold. But when we consider this concession in connection with the fact that the store which was opened by plaintiff was a retail store, and the defendant's was a wholesale store, and the further fact that plaintiff had purchased goods from the wholesale store, it leaves room for the argument that it was not in competition with defendant's business and was not a violation of paragraph 10 of the contract, or that that paragraph was waived by defendant in that instance.

3. Defendant took the view that there could be no recovery for house accounts beyond the 2½ per cent. because defendant testified that it had agreed with plaintiff that the following accounts were to be house accounts: Adjustable Fixture Company, Milwaukee, Wisconsin; LaSalle & Koch, Toledo, Ohio; Incandescent Supply Company of Pittsburgh, Pennsylvania, and all its branches; and Thalheimer Brothers, of Richmond, Virginia. Plaintiff denied this. The court charged on this question, as follows:

"I further charge you that one of the questions to be decided by the jury is whether or not certain accounts were house accounts. The contract in question under which plaintiff claims provides that upon house accounts the plaintiff was to receive a commission of 2½ per cent. only, and further provides that

whether or not the account is a house account must be mutually agreed upon between the parties.

"Therefore, if you find that any account claimed by the defendant as a house account was not mutually agreed between the parties to be a house account, then plaintiff is entitled to recover his regular commission. By that I mean to say that if at the time they made the contract after Courshon retired, that if you find that, as the defendant claims, there was a contract made and that certain accounts were known as house accounts, then they should be governed by their agreement relative to house accounts."

We think this was a proper instruction. When plaintiff showed that he had made these sales he was *prima facie* entitled to a commission of 15 per cent. thereon. Defendant, however, came in and asserted "yes, you made these sales, but it was agreed between us that these four accounts should be regarded as house accounts." Taking this position, the burden of proof was upon defendant to establish it. If it did not so establish it plaintiff was entitled to a regular commission of 15 per cent.

But the court further charged the jury in this connection:

"If you find they were not house accounts, that is, if you don't find that they were house accounts, then it will make no difference who sold the account, or when it was sold, or which account it was, but unless the parties thus mutually agreed at the time they made the contract that certain accounts were house accounts, and there is no claim that any other agreement was made after the contract was made when Mr. Courshon retired, then the plaintiff is entitled to a commission of only 2½ per cent. upon these house accounts."

In this we think the court reversed himself on what he had previously told the jury in the first part of the instruction. In the first part he advised the jury that if there were no agreement that these accounts should be house accounts plaintiff would be entitled

to his 15 per cent. In the latter part he advised them if they found no agreement to make them house accounts plaintiff could recover only 2½ per cent. It would be extremely difficult for the jury to understand what the court meant by these two statements. These accounts were quite large items and would materially affect the result. The court was in error in giving these conflicting instructions. *Silverstone* v. *Assurance Corp.*, 176 Mich. 525; *People* v. *Eggleston*, 186 Mich. 510; *In re Foerster's Estate*, 193 Mich. 440.

The judgment is reversed and a new trial granted, with costs to defendant.

SHARPE, C. J., and SNOW, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.

## ON MOTION FOR REHEARING.

BIRD, J. An application for a rehearing has been made in this case, and the point is made that the instruction upon which the case was reversed was not prejudicial to the defendant. In fact it was favorable to it. We think this point is well taken. The instruction that the plaintiff was entitled to recover only 2½ per cent. instead of 15 per cent. was favorable to the defendant and in no wise prejudiced its case. Therefore, it should not be permitted to complain of it. 20 R. C. L. p. 269.

The judgment of the trial court will be affirmed.

SHARPE, C. J., and SNOW, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.