WEAVER *v.* PEOPLE'S MOTOR COACH CO.

1. APPEAL AND ERROR—WEIGHT OF EVIDENCE—NEW TRIAL.
    In an action for damages growing out of a collision between plaintiff's automobile and defendant's motor coach, where the testimony was flatly contradictory, the verdict in favor of plaintiff will not be set aside as against the weight of the evidence, in the absence of any showing

[1]Appeal and Error, 4 C. J. § 2834.

that the jury were influenced by any consideration other than the evidence.

2. SAME—PRESENT WORTH—REMITTITUR—CURING ERROR.
   Error of the trial court in neglecting to instruct the jury that the amount allowed for future pain and suffering should be limited to the present worth was cured by requiring a remittitur of $100, where, under the evidence, the amount allowed therefor could not have exceeded $1,000.

Error to Genesee; Parker (James S.), J. Submitted October 22, 1926. (Docket No. 133.) Decided January 3, 1927.

Case by Andrew Weaver against the People's Motor Coach Company for personal and other injuries. Judgment for plaintiff. Defendant brings error. Affirmed.

*Herbert Murray* and *Bishop, Kilpatrick & Weaver,* for appellant.

*Roy E. Brownell* and *Ralph E. Gault,* for appellee.

McDONALD, J.   This action was brought to recover damages growing out of a collision between the plaintiff's automobile and defendant's motor coach. The plaintiff backed his automobile out of a driveway on to Smith street in the city of Flint, and taking the right side of the street proceeded north. The defendant's coach was coming towards him going south. It is the plaintiff's claim that as the coach came up opposite to him it swung across the street, hit his car broadside and drove it against a telegraph pole. The defendant denies that the collision occurred in that way. It claims that when the coach was about 50 or 60 feet from the plaintiff, he, the plaintiff, turned his car over on to the defendant's side of the street; that to avoid a collision the driver of the coach drove

²Appeal and Error, 4 C. J. § 3150.

toward the other side of the street and at about the same time the plaintiff in attempting to return to his side of the street, drove in front of the coach and was pushed against a telegraph post.  Both parties claim to have been driving at a moderate rate of speed.  The plaintiff sued for damages to his automobile, for personal injuries and expenses.  He received a verdict and judgment for $2,000.  The defendant moved for a new trial on the ground that the verdict was against the great weight of the evidence, and that the court had failed to instruct the jury on the subject of present worth of future damages.  The court denied the motion on condition that the plaintiff remit $100 from the judgment.  The remittitur was filed and judgment was entered in favor of the plaintiff for $1,900.

The defendant has brought error, alleging that the judgment should be reversed for two reasons:

*First:* Because the verdict was against the weight of the evidence.

*Second:* Because the trial court omitted to instruct the jury on the subject of present worth, and that the record does not support a remittitur of $100.

There was presented to the jury the testimony of six eyewitnesses to the accident.  Three of them testified in support of the plaintiff's claim and three testified as positively to the contrary.  Apparently the jury believed that the testimony of the plaintiff's witnesses carried more probative weight than the testimony of the witnesses on the other side.  Under these circumstances, and in the absence of anything in the record to indicate that they were influenced by any other consideration than the evidence, we will not disturb their verdict.

It is conceded that there was error in the charge because the court omitted to instruct the jury that the amount allowed for future pain and suffering should be limited to the present worth.  We have frequently

held that failure to so instruct the jury is error, but that, as it only affects the amount of the verdict, it may be cured by requiring the plaintiff to remit a certain amount of the verdict.    In this case the trial court in denying the motion for a new trial required the plaintiff to file a remittitur of $100.    And his reasons for believing that the remission of such an amount would remove any injury growing out of the charge are stated as follows:

"As above stated, approximately $1,000 actual monetary damages were proven for doctors' bills and x-ray bills, property damages and for loss of earnings.    This did not include anything for past pain and suffering up to the time of the trial or for the permanent injury, so that the $1,000 allowed over and above the $1,000 above mentioned was evidently allowed by the jury to cover the past pain and suffering, the permanent injury and future pain and suffering.    The evidence of future pain and suffering was very slight, the plaintiffs stressing in their proofs the past pain and suffering and the permanent injury.    But even considering that the whole $1,000 was allowed for future pain and suffering, it is the opinion of the court that the rights of the defendant will be amply protected by requiring the plaintiff to remit $100 from the judgment rendered."

We think that the court made a correct disposition of the question.

The judgment is affirmed, with costs to the plaintiff.

SHARPE, C. J., and BIRD, SNOW, STEERE, FELLOWS, WIEST, and CLARK, JJ., concurred.