HAMILTON *v.* STEPHENS.

1. CONTRACTS—BREACH OF CONTRACT—TRIAL—QUESTION FOR JURY.
    In an action for damages for the breach of a contract to
    do the mason work on an apartment house for a certain
    price, whether defendant unjustly and without good cause
    terminated the contract, *held*, under conflicting testimony,
    a question of fact properly submitted to the jury.

2. DAMAGES—MEASURE OF DAMAGES FOR BREACH OF CONTRACT.
    In an action for damages for the breach of a contract to
    do the mason work on an apartment house for a certain
    price, the measure of damages recoverable is the differ-
    ence between the contract price and what it would cost
    plaintiffs to do the work.

3. APPEAL AND ERROR—HARMLESS ERROR—CURING ERROR.
    Where, in an action for damages for the breach of a con-
    tract, the trial court did not concisely state the rule as to
    measure of damages, but gave the import of it in de-
    tailed instructions, further instructed the jury that the
    verdict must be limited to actual damages, and, upon
    motion for new trial, reduced the verdict from $1,325 to
    $668.10, upon which judgment was entered, the error, if
    any, was not reversible; no miscarriage of justice being
    shown.

4. SAME—TRIAL—INSTRUCTIONS—RECORD.
    In an action for damages for the breach of a contract to
    do the mason work on an apartment house for a certain
    price, defendant's objection that the trial court was in
    error in entirely disregarding a clause in the contract
    giving him the right to increase or decrease the expense
    of the building is without merit, where the record is silent
    as to whether the expense was ever increased or decreased,
    and also fails to show that said point was ever made in
    the trial court.

Error to Wayne; Webster (Clyde I.), J.     Sub-

[1]Building and Construction Contracts, 9 C. J. § 246; [2]Id., 9 C.
J. § 149; [3]Appeal and Error, 4 C. J. §§ 3014, 3029; [4]Id., 4 C. J. §§
1671, 2343, 2712.

mitted January 21, 1927.     (Docket No. 132.)     Decided October 3, 1927.

Assumpsit by Thomas T. Hamilton and Andson J. Johnson, copartners as Hamilton & Johnson, against James M. Stephens for breach of a contract.     Judgment for plaintiffs.     Defendant brings error.     Affirmed.

*G. Leslie Field,* for appellant.

*Frank J. Riggs,* for appellees.

STEERE, J.     Plaintiffs contracted with defendant to do the mason work on an apartment house for $4,656, payable as follows:

"The weekly pay roll less ten per cent. as the work progresses satisfactorily."

They entered upon the work and claim they had done over 50 per cent. of it when defendant refused to meet a weekly pay roll they presented to him, and a day or two later, as they claim, he told them in quite discourteous terms to take their tools and get off the job.     They brought this action against him for breach of contract, including unpaid wages earned, claiming $1,812.90 damages.     The case was tried by jury, resulting in a verdict in their favor for $1,325, upon which judgment was duly entered.     A motion was made by defendant for a new trial, which was denied, but the judgment was reduced to $668.10 and the reduction accepted by the plaintiffs.     The defendant has brought the case into this court by assignments of error, the most seriously urged being directed against the charge of the court.

The trial disclosed that the plaintiffs are practical bricklayers working much of the time with the other bricklayers they employed, and in taking this contract expected to so do until the job was completed.     They

testified that they paid their bricklayers $1.50 an hour, and that the way they arrived at the price at which they took the job was by computing the cost of the job to them upon the basis of $1.50 an hour for bricklayer work, with 10 per cent. added, which they called profit.    It was also their testimony that, if permitted to continue, they could and would have completed the contract within the specified time.    The court instructed the jury that unless the defendant broke the contract plaintiffs could not recover, saying:

"The issue in the case is as to whether or not he had just cause to so terminate it.    If they were not carrying out their part of the contract, if they were not performing their work properly, then he had a right to terminate it and he would not be liable for any damages.    On the other hand, if he did not have just ground for terminating the contract, he may still terminate it, but if he does terminate it under those conditions, then he is liable for any damage that results to the plaintiffs as a result of his termination of the contract without cause.    He may terminate the contract with cause without any liability.    He may terminate it without cause and in that case he is liable for whatever damage results to the plaintiffs as a result of his terminating the contract without cause."

The jury found that defendant unjustly and without good cause terminated the contract.    Conflicting testimony made that question a square issue of fact which the court fairly submitted to the jury.    The portion of the charge of which defendant complains relates to the measure of damages, in which the judge charged that, if the jury should find for plaintiffs, there were two definite items which should be allowed, one of $115.50, being 10 per cent. of amount of pay rolls already paid, and the other of $87 for services they performed themselves during the last week, saying further:

"Now, in addition to that, they are entitled to recover the amount that they would have made on the

contract if they had been permitted to carry it to its completion, provided you are satisfied their bid was correct and that they would have made the ten per cent. that they figured on making.    Now, that is not so easy for you to decide.    You have to use your own best judgment on that.    If you believe that this figure that they gave, $4,656.00, was properly figured, so that if the work was properly done by them, after they had paid all the expenses of doing the work, including their own salary, they would have left ten per cent. profit, then if he unjustly fired them they would be entitled to what they would have made, that is, that profit, $465.60—ten per cent. of that amount.    That is conditioned upon the fact of their actually doing the work and its turning out as figured by them.    That, as you know from your experience, does not always turn out to be the case, of course.    The contractors do not always make the amount that they figure they will make on a job.    So there is a contingency that should be considered by you.    Now, in addition to that, they would be entitled to their day wages for the unexpired term of this contract, which would be about a month, according to the testimony, less what they either did make or should have made during that month, you see.    The law says, for instance, if he terminates this contract unjustly—this defendant—they were going to make $1.50 an hour for another month and he cuts them off that right, they cannot sit down during that month and recover that $1.50 an hour.    They have got to get another job.    At least they have got to make an effort, an honest effort, to get another job, so that the law says not that they recover $1.50 an hour for that period, but that they recover what they would have made under this contract, less what they did make, or what they should have made.    *    *    *    So that you may add to these other amounts that I have given you what you believe that they lost as daily wages as a result of this wrongful termination, if you find it to be wrongful, less what they made, or should have made during that month themselves."

Counsel for defendant contends this did not give the right rule of damages, but the jury should have been told the measure of damages which plaintiff would

be entitled to recover was the difference between the contract price and what it would cost them to do the work, citing *Scheible* v. *Klein*, 89 Mich. 376, and other authorities of like import.

Plaintiffs' counsel concedes that to be the general rule, and contends that the court adhered to it, in substance, as applied to the issues of fact raised by plaintiffs' testimony, which, under that rule, was adequate to support the verdict rendered, and the court, on defendant's motion for a new trial, solved all doubts in defendant's favor by requiring, as a condition of denying the motion, that plaintiffs consent to reduction of the judgment on verdict from $1,325 to $668.10.

The charge covers the various phases of this case at considerable length, and as a whole fairly presents to the jury the nature of the controversy and rules of law under which the issues of fact submitted to them should be decided.     Prior to giving the instruction as to damages complained of the court cautioned the jury that if they found defendant unjustly terminated the contract, as plaintiffs claimed, to their damage, the verdict must be limited to the "actual damage that resulted to plaintiffs from it."     While the court did not concisely state the accepted rule by the customary legal definition, we are impressed that the import of it, as applied to this case, was interspersed through the detailed instructions elucidating the nature of the issues involved and duty of the jury touching what they could or could not do on the contingency of their finding or not finding various facts put in issue by the conflicting testimony, and, if any increase of the verdict may have resulted from the claimed inaccuracies or omissions in the charge, the error was cured by the reduction of amount made in the final judgment.     To detail at length the story of this controversy and many matters in dispute would profit nothing.     A careful

reading of the record is convincing that the trial has not resulted in a miscarriage of justice.    We find no prejudicial error in the charge demanding reversal.

Counsel for defendant further urges the point that the court fatally erred in entirely disregarding the following provision in the contract:

"The owner reserves the right to increase or reduce the expenses of said building at option.    The owner shall not be held liable for having to order work stopped on account of weather conditions, finances, or other things which may occur."

The import of the provision relative to increasing or reducing the expenses of said building, as applied to this contract, is problematical, but defendant finished the building, and incidentally testified that four months thereafter every flat was rented and he was receiving a monthly rental of $720.    The record is silent as to "the expenses of said building" or whether he ever increased or reduced them.    It is not shown that he ordered the work stopped on account of "weather conditions" or "finances."    If "other things" has any meaning in the connection used, it is to be construed as limited to things of the same class as those specifically named in the same paragraph.    It may also be noted that point is apparently made for the first time in this court.    The record fails to disclose that it was ever presented to the trial court by motion for a directed verdict, request to charge, or otherwise.

The judgment appealed from will stand affirmed.

SHARPE, C. J., and BIRD, SNOW, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.