VON ESSEN v. VOS.

1. APPEAL AND ERROR—EXCESSIVE VERDICT—REMITTITUR.
    Whether error occurring in the course of a trial of such nature
    that it is, or may be, reflected in an excessive verdict and
    judgment can be cured by permitting a remittitur in a
    specified sum depends in each instance on the particular
    facts and issues involved, the precise nature of the error,
    and the determination of the question whether a possible in-
    justice may be thereby obviated.

2. NEW TRIAL—REMITTITUR.
    A new trial may properly be avoided by permitting a remit-
    titur, where the amount of the excess can be determined
    with reasonable certainty from the record, since the de-
    fendant then has no cause for complaint and the plaintiff
    has acquiesced by filing a remittitur.

3. APPEAL AND ERROR—INSTRUCTIONS—EVIDENCE OF ERROR—RE-
    MITTITUR.
    Acceptance by plaintiff of remittitur so as to bring verdict
    in line with maximum recoverable, had the jury followed
    instructions given, rendered judgment entered one of which
    defendant might not complain, where the amount recover-
    able was easily ascertainable and exact amount of error
    was obvious from testimony.

Appeal from Ingham; Coash (Louis E.), J.   Sub-
mitted April 17, 1952.   (Docket No. 26, Calendar No.
45,317.)   Decided June 2, 1952.

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 39 Am Jur, New Trial §§ 210–216.
[1–3] Court's power or right, without defendant's consent, to deny
    new trial upon condition of remittitur by plaintiff.   53 ALR
    783; 95 ALR 1166.

Assumpsit by Henry Von Essen against Gene Vos for work and labor performed in repairing and remodeling defendant's store and apartment building. Verdict and judgment for plaintiff. Remittitur filed. Defendant appeals. Affirmed.

*Hubbard, Fox & Thomas,* for plaintiff.

*Pierce, Planck & Ramsey,* for defendant.

CARR, J. The material facts in this case are set forth in a statement which, pursuant to stipulation of counsel, has been included in the certified record. In November, 1948, the parties entered into an arrangement whereby the plaintiff was to do certain work in connection with the repairing and remodeling of defendant's store and apartments. Labor was performed by plaintiff and by his helper in accordance with the agreement. Differences arose with reference to the amount of work done and the length of time reasonably necessary for the services rendered. Because of such differences plaintiff brought action in circuit court to recover the amount that he claimed was due to him. He testified on the trial that under the agreement he was to be paid $1.50 per hour for his labor, and that he was authorized to hire a helper at the rate of $1 an hour. It was his claim in substance that he and his helper had worked 546 hours each for defendant.

Defendant testified that he did not know how much time was actually expended by plaintiff, but offered testimony of contractors and builders tending to show that the work that plaintiff and his helper had done should not have taken the length of time claimed by plaintiff. The latter testified on his direct examination that he had paid the helper a total of $546, as alleged in the declaration. Subsequently he modified his statement, claiming that he had paid

up to that time $100 and was indebted for the bal-
ance. In submitting the case to the jury the trial
judge charged that in the event a verdict was re-
turned for plaintiff the maximum recovery allowable
would be based on 546 hours of work for plaintiff at
$1.50 per hour and 100 hours for the helper at $1
per hour. The jurors undertook to return a verdict
setting forth that they found 546 hours for plaintiff
and 300 hours for his helper. Thereupon the trial
judge explained that their verdict must set forth the
amount of money for which plaintiff was entitled to
judgment. Accordingly, the jurors returned to their
room, determined the amount of their verdict, and
returned it in the sum of $1,119, which sum was in
accord with the number of hours that they had pre-
viously reported they had found plaintiff and his
helper respectively had worked, computed at the
rates claimed by plaintiff.

Defendant filed a motion for a new trial, asserting
among other grounds that the jury had disregarded
the instructions of the court and that the verdict
finally returned was contrary to law. The trial judge
considered the reasons advanced in support of the
motion, and reached the conclusion that the jury had
erroneously failed to follow the instructions given
but that such error could be corrected by a remittitur
in the sum of $200. Accordingly an order, condi-
tioned on the making by plaintiff of such remittitur,
was entered, denying the motion. Plaintiff accepted
the condition and consented to the reduction of the
amount of the judgment by the sum stated, where-
upon judgment was entered for him in the sum of
$919. Defendant has appealed, asserting that a new
trial should have been granted and that the error
committed by the jury in disregarding the instruc-
tions of the trial judge was not cured by the re-
mittitur.

Whether error occurring in the course of a trial of such nature that it is, or may be, reflected in an excessive verdict and judgment can be cured by permitting a remittitur in a specified sum depends in each instance on the particular facts and issues involved, the precise nature of the error, and the determination of the question whether a possible injustice may be thereby obviated. In an instance where the amount of the excess can be determined with reasonable certainty from the record the necessity for a new trial may properly be avoided by permitting a remittitur. Such a situation was presented in *Duffiny* v. *Detroit & Mackinac Railway Co.,* 186 Mich 40. In that case plaintiff sought to recover damages from the defendant on the ground of negligence, including in her declaration a claim of right to recover a penalty in the sum of $100, fixed by statute then in effect, for alleged failure on the part of the defendant to announce a station. The jury returned a verdict for plaintiff in the sum of $500. Subsequently a motion for a new trial was made for the reason, among others, that the declaration set forth 2 distinct causes of action, and that the circuit judge was in error in submitting both causes. The trial court determined that such submission was error, and entered an order granting a new trial unless plaintiff consented to remit the sum of $100 of the judgment. Plaintiff filed such remittitur, and this Court held on appeal, overruling the claim of defendant that the error had not been cured, that "defendant had no cause for complaint."

In *Snook* v. *Mt. Clemens Sugar Co.,* 186 Mich 593, the trial court determined from the evidence the amount by which the judgment entered was excessive and required the plaintiff to make a remittitur accordingly or to submit to a new trial. The remittitur was duly filed. On appeal the reduced judgment was affirmed, the Court saying in part:

"This Court has allowed and approved the action of the trial judges in making the granting of a new trial depend conditionally upon the remitting of a portion of the judgment. *Detzur* v. *B. Stroh Brewing Co.,* 119 Mich 282 (44 LRA 500, 5 Am Neg Rep 371); *North Michigan Land & Live Stock Co.* v. *Kneeland,* 149 Mich 495. The rule as to when this Court will interfere with the action of the trial court in disposing of motions for new trials was so clearly stated by Justice CARPENTER in *Hintz* v. *Railroad Co.,* 132 Mich 305, that it is not necessary to restate it here."

In *Weaver* v. *People's Motor Coach Co.,* 237 Mich 274, the trial judge in submitting a claim for personal injuries to the jury neglected to charge that the amount of any sum allowed for future damages should be reduced to present worth. A verdict in the sum of $2,000 was returned on which judgment was entered. A motion for a new trial was denied on condition that plaintiff file a remittitur of $100, which was done. The trial judge, in taking such action, discussed the testimony relating to the subject of damages and concluded that the rights of the defendant would be fully protected by the entering of a judgment decreased by the amount indicated. This Court concluded that the action taken was correct, and the judgment was affirmed.

In *Fink* v. *Superior Lamp & Shade Co.,* 238 Mich 390, the verdict returned by the jury was found to be excessive because of the failure to deduct from plaintiff's damages sums earned by him following the breach of contract on which his cause of action was based. A motion for a new trial was denied on condition that plaintiff, for whom judgment had been entered on the verdict for $5,777.80, would remit all amounts in excess of $4,676.79. Plaintiff accepted the condition. Defendant appealed, claiming that since the verdict was excessive it was entitled to have

the judgment reversed. In rejecting such claim, it was said:

"We are not favorably impressed with counsel's argument. The maximum amount claimed by plaintiff was certain. The amount he had earned after discharge was certain, and the error of the jury was certain. When the verdict was corrected by these certainties we think defendant has no cause for complaint. No one had cause for complaint except the plaintiff, and he has acquiesced. This method of treating the matter is fully justified in *Bresnahan* v. *Nugent,* 97 Mich 359; *Hines* v. *Darling,* 99 Mich 47."

Likewise, in *Hamilton* v. *Stephens,* 240 Mich 228, an action for damages for breach of contract, it was held that consent by plaintiffs to a reduction of the judgment from $1,325 to $668.10, as the alternative to a new trial, cured any error resulting from claimed inaccuracies in the charge of the trial court. In discussing the situation, attention was directed to the fact that in view of the reduction in the judgment there was no miscarriage of justice.

In *Martin Parry Corp.* v. *Berner,* 259 Mich 621, plaintiff was required to make payments under the workmen's compensation act to one of its employees allegedly injured in the course of his employment by the negligence of the defendant. A lump-sum settlement between employer and employee in the amount of $2,862 had been entered into, but in determining such amount the sum of the deferred payments computed had not been reduced to present worth as required by the pertinent provision of the statute relating to such settlements. Recovery was allowed by the trial court on the basis of the sum paid to the employee under the agreement. In consequence the judgment entered in plaintiff's behalf was excessive by the sum of $199.45. This Court held that there was error in permitting such verdict to be

returned and in the entry of judgment thereon. It was determined, however, that such error might be cured by a remittitur of the amount improperly included in the verdict. An order was accordingly entered granting a new trial unless plaintiff within a specified period of time filed a remittitur in the sum of $199.45. See, also, *Meyers* v. *Gearey,* 212 Mich 449; *Fortner* v. *Koch,* 272 Mich 273; *McDaniel* v. *Hancock,* 328 Mich 78.

In the case at bar it is apparent that the jury overlooked the specific instructions of the court as to the maximum recovery permissible under the proofs. The amount of the verdict, considered in connection with the finding that the jury first undertook to submit, indicates clearly that it was based on a determination that plaintiff had worked 546 hours and that his helper had worked 300 hours. It thus appears that the jury, in contravention of the instructions, undertook to allow plaintiff to recover the sum of $200 in excess of the maximum amount to which he was entitled under the proofs and the charge of the court. Under the authority of the cases above cited, and others of like import, we think the trial judge was correct in determining that the error on the part of the jury could be cured by a remittitur in the sum by which the verdict was excessive.

Appellant cites and relies on *Dolomite Limestone Products Co.* v. *Kennedy-Van Saun Manfg. & Engineering Corporation,* 241 Mich 279. Because of the peculiar facts involved, that decision is not in point in the determination of the issue in the case at bar. The plaintiff there brought action for damages for false representations with reference to machinery purchased by it from defendant for pulverizing limestone. The trial court instructed the jury that the measure of plaintiff's damages, if it was entitled to recover, was the difference between the value of the machinery had it been as represented and its ac-

tual value at the time it was sold to plaintiff. The agreed purchase price was $6,268. Testimony was admitted, over objection, indicating that plaintiff had contracts under which it might have sold a larger quantity of limestone than it was able to process with the machinery in question, that the profits on such sales would have been $6,450, and that the loss on the output actually produced was $2,601.50. The jury returned a verdict in the sum of $9,051.50, which amount aggregated the total of the profits that plaintiff claimed it would have received had the equipment permitted an output in accordance with the representations alleged to have been made and the loss on the business actually done. It was evident that the jury had ignored the instructions of the court as to the proper measure of damages and had based the verdict on plaintiff's claimed loss of profits and loss in business operations. On motion for a new trial the court permitted plaintiff to remit the sum of $2,500 and thereupon entered judgment in its favor for the balance of $6,551.50. On appeal this Court reversed the judgment, pointing out that the amount thereof after the remittitur was more than $200 in excess of the cost price of the mill which presumably had some market value at the time it was purchased by the plaintiff. The Court further pointed out that the situation was not analogous to that presented in a personal injury case where it is impossible to present proof as to damages allowable for pain and suffering and in which a court has sought to avoid the necessity for a retrial by permitting a plaintiff to remit a portion of the judgment entered on the verdict of the jury when the verdict is clearly excessive. Attention was directed to the nature of the proof required to determine the damages sustained by the plaintiff under the correct rule as given by the court to the jury and the probability of such proof being available. The situation in the

instant case is obviously of a wholly different character.

The judgment of the trial court is affirmed. Plaintiff may have costs.

NORTH, C. J., and DETHMERS, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.