DONOVAN *v.* GUY.

1. MANDAMUS—ORDER GRANTING NEW TRIAL—LEAVE TO APPEAL.

Appeal in nature of mandamus from an opinion and an order of the circuit court granting a new trial after plaintiff failed to file remittitur is heard as a motion, after leave has been granted and where defendants have not cross-appealed, they are limited to a request that the writ be denied (Court Rule No 60, § 1[b] [1945]).

2. MALICIOUS PROSECUTION—MALICE—DAMAGES—DISORDERLY CONDUCT—ILLEGAL PARKING.

A plaintiff in action for malicious prosecution and false imprisonment, who failed to comply with police officer's request not to park in a forbidden place by park authorities and was arrested for disorderly conduct instead of illegal parking, was entitled to a verdict for only actual damages, with no exemplary or punitive damages, where there is no showing of actual malice and only malice implied from arrest for disorderly conduct rather than for violation of parking rules.

3. ARREST—ILLEGAL PARKING.

A motorist's persistent refusal to repark his car at the request of police officers, who advised him of his illegal parking, invited the disgrace of arrest for a violation of the pertinent parking ordinance.

4. MANDAMUS—DISCRETION OF COURT.

Mandamus is a discretionary writ.

5. MALICIOUS PROSECUTION—EXCESSIVE VERDICT—REMITTITUR—NEW TRIAL.

Trial court did not abuse its discretion in ordering a remittitur of $3,000 from a $5,000 verdict under evidence presented in an action for malicious prosecution and false arrest and upon plaintiff's failure to file remittitur, granting a new trial.

REFERENCES FOR POINTS IN HEADNOTES

[2] 34 Am Jur, Malicious Prosecution § 93.
[4] 34 Am Jur, Mandamus § 40.
[5] 34 Am Jur, Malicious Prosecution § 103.
[5] Excessiveness or inadequacy of damages for malicious prosecution. 35 ALR2d 308.

Appeal from Berrien; O'Hara (Chester P.), J., presiding. Submitted September 12, 1955. (Calendar No. 46,567.) Decided December 1, 1955.

Case by Elmer Burlingame Donovan against James S. Guy and Edwin James Ward for malicious prosecution and false imprisonment. Verdict and judgment for plaintiff. Order entered denying motions for new trial and judgment *non obstante veredicto,* contingent upon remittitur. Plaintiff declined to file remittitur. Order for new trial entered. Plaintiff appeals. Affirmed and remanded.

*Milo O. Bennett,* for plaintiff.

*Charles W. Gore* and *W. M. Cunningham,* for defendants.

REID, J. On leave granted (see Michigan Court Rule No 60, § 1[b] [1945]), plaintiff appeals in the nature of mandamus from an opinion and an order of the circuit court granting a new trial. We hear the appeal as a motion. See Michigan Court Rule No 70, § 2 (1945). Appellant prays that we direct the trial court to set aside its order (made on plaintiff's declination to remit $3,000 from the verdict) granting a new trial and that we direct the trial court to re-enter the judgment entered by the clerk on the verdict of $5,000 damages in favor of plaintiff against the defendants. Defendants have not cross-appealed and are limited to a request that the writ should be denied.

Plaintiff sues for damages for malicious prosecution and false imprisonment. The jury returned a verdict for $5,000 for plaintiff, for which sum the clerk entered a judgment. Defendants moved for a judgment for defendants notwithstanding the verdict, and for a new trial on the ground among other

things that the verdict was excessive and against the great weight of the evidence. The trial court ordered a remittitur of $3,000. Plaintiff declined to remit the sum of $3,000 from the verdict, whereupon the trial court on December 23, 1954, ordered the judgment set aside and that a new trial be had.

Plaintiff appeals from the order and also from the opinion on which it was based. The opinion was filed December 2, 1954, and recited facts and summarized proceedings had in this case before the court, and concluded as follows:

"That leaves only one point for discussion; namely, the second point as to the verdict of the jury being excessive. In this respect, I agree with the position taken by the defendants, having in mind that the plaintiff produced no evidence except his own testimony with reference to injured feelings and shame which would indicate any damage to him or his reputation. He was incarcerated in the jail for a period of 6 hours. He was not injured in his business nor among his friends insofar as this record discloses. He should have been arrested for his refusal to obey the officers when he was improperly parked and was told to move. He was not within his rights, and had he been arrested for that, there would be no liability upon the part of these policemen who were attempting to enforce the law and were being thwarted therein by the plaintiff. It seems to me that $5,000 in damages for a mistake in a charge placed against him, especially when that was done under the advice of a municipal judge, is shocking and is far more than this plaintiff is entitled to recover. This court will require the plaintiff to remit $3,000, leaving a judgment for $2,000 to be entered within 30 days from the receipt of this opinion; otherwise a new trial will be granted to these defendants. If he does file a remittitur of $3,000 within that period of time, then a new trial will be denied. At the end of 30 days, depending

upon the action of the plaintiff, the proper order may be presented for entry upon this opinion."

The court in his charge to the jury read excerpts from the ordinances of the city of Benton Harbor and from the statutes of the State of Michigan, as to the correctness of which such citations we are not called upon to rule.

The court further charged the jury:

"That the offense of false arrest and imprisonment was completed at the beach, and I now charge you that it continued until the release of plaintiff from confinement in the county jail. I charge you that the defendants, the 2 police officers, are liable for all damages suffered by plaintiff from the time of his arrest until his release. When an officer makes even a lawful arrest he must use care to see that his prisoner is not oppressed and that he must not be treated inhumanely, and if such oppression and inhumane treatment develop while the prisoner is in the custody to which the officer surrendered him, he is liable for all damages suffered, provided, of course, the arrest originally was false and not a legal arrest."

The court further charged the jury that the mere fact that the defendants could have arrested plaintiff for illegal parking did not justify them in arresting him on the charge of disorderly conduct.

We note that plaintiff persisted in leaving his car at a place at the beach forbidden by the park authorities and that he persisted, after courteous and respectful requests on the part of the officers, in not removing his car from the forbidden spot. The officers took the plaintiff in custody evidently for his wrongful parking; the arrest sheet recited "Offense: Disorderly." Defendant Guy testified:

"The first charge which I laid against him was a parking violation; the second charge was disorderly

conduct; the third charge was refusal to obey a police officer when he was engaged in public interest and safety in directing traffic. I changed the charge of disorderly conduct the next morning. After I had talked to the municipal judge and after I had told him what had taken place down at the beach. I never signed a complaint for disorderly conduct, and no warrant was ever issued, nor was there any complaint for violation of the parking law."

The complaint and warrant contained the following:

"He, the said Elmer Donovan did refuse to comply with an order of a police officer of the city of Benton Harbor, to-wit: James S. Guy, to remove said motor vehicle from a no parking zone on Jean Klock drive when such officer was guiding, directing, controlling or regulating traffic on said Jean Klock drive, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the people of the State of Michigan."

The charge as contained in the complaint and warrant was evidently made on suggestion of the municipal judge.

Evidently the trial judge considered the verdict for $5,000 to be largely punitive rather than for actual damages.

For a decision based upon considerable discussions of authorities of a remittitur required by the court, see *Von Essen* v. *Vos,* 333 Mich 644. In the *Von Essen Case,* among other authorities cited is the case of *Hintz* v. *Michigan Central R. Co.,* 132 Mich 305, which case also see.

We herein make no finding of facts to govern a new trial. We do not determine that the actual damages amounted to $2,000.

In view of the fact that there is no showing of actual malice and only malice implied from an arrest for disorderly conduct rather than for viola-

tion of parking rules, there should have been only a verdict for actual damages, with no exemplary or punitive damages. See *Guenther* v. *Whiteacre,* 24 Mich 504; and *Wilson* v. *Bowen,* 64 Mich 133.

Plaintiff by his persistent refusal to repark his car invited his arrest for a violation of the parking ordinance. His wrongful conduct invited the disgrace of arrest.

Mandamus is a discretionary writ and a careful examination of the entire record convinces us that the trial court had before it sufficient grounds for considering that the verdict of $5,000 was excessive and sufficient grounds after refusal of remittitur for considering that there should be a new trial. The court did not in any manner abuse its discretion either as to remittitur or as to the matter of a new trial.

The order appealed from is affirmed. The case is remanded to circuit court for further proceedings. Costs to defendants.

CARR, C. J., and BUTZEL, SMITH, SHARPE, BOYLES, DETHMERS, and KELLY, JJ., concurred.